USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN EVANS,

                    Plaintiff,

        -against-

THE CITY OF YONKERS *et al.*,

                    Defendants.

19-cv-0794 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

On January 25, 2019, Plaintiff Ivan Evans ("Plaintiff"), proceeding *pro se*, filed this Section 1983 action against the City of Yonkers, Yonkers Police Officer McDonald, and Yonkers Police Officer Moran (collectively, "Defendants"). (ECF No. 2.) Presently before the Court is Plaintiff's request for the appointment of *pro bono* counsel, dated January 29, 2020. (ECF No. 14.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's instant request for *pro bono* counsel—his first request—cannot be granted at such an early stage in the litigation. This case commenced just over a year ago on January 25, 2019. (ECF No. 2.) Defendants filed their answer on May 9, 2019 (ECF No. 11), but, to date, no discovery or motion practice has taken place in this case. Simply put, at this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, although Plaintiff notes he is "ignorant to the law" (ECF No. 14), the Court cannot conclude at this time that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings. The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service.

Dated:    March 18, 2020
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge