UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN EVANS,

                    Plaintiff,

-against-

THE CITY OF YONKERS, et al.,

                    Defendants.

**ORDER**

19-CV-00794 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Ivan Evans ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action on January 25, 2019 and alleges that Defendants violated his constitutional rights. (Doc. 2). On April 7, 2020—following this matter's reassignment to this Court on April 3, 2020—the Court directed the parties to confer and submit a proposed Civil Case Discovery Plan and Scheduling Order by April 21, 2020. (Doc. 16). On April 14, 2020, Defendants filed a letter advising that while they had attempted to contact Plaintiff regarding a proposed Civil Case Discovery Plan and Scheduling Order at the last address provided (the Westchester County Jail in Valhalla, New York), the envelope was returned, stamped "R.T.S.," and reflected the notation "Return to Sender Attempted – Not Known Unable to Forward." (Doc. 17).

      On April 17, 2020, this Court issued an Order advising that "[i]t is Plaintiff's obligation to provide the Court with an address for mail service," directing Plaintiff to provide his new mailing address within thirty days, and warning that his failure to provide a current address would result in dismissal without prejudice. (Doc. 18). No response was received. On October 14, 2020, the Court issued an Order to Show Cause warning Plaintiff that this action would be dismissed under Federal Rule of Civil Procedure 41(b) unless, on or before November 13, 2020, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . for want of prosecution . . . ."

(Doc. 19). Over a month has passed since the November 13, 2020 deadline and no response has been received. Moreover, the copy of the Order to Show Cause that was mailed to Plaintiff by the Court on October 14, 2020 at the address Plaintiff provided was returned to the Court on November 10, 2020. The associated docket entry contains the notation, "returned for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward." (Nov. 10, 2020 Dkt. Entry).

## STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S.

626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## **ANALYSIS**

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to respond to two separate orders over a little less than six months. On April 17, 2020, this Court issued an Order advising that "[i]t is Plaintiff's obligation to provide the Court with an address for mail service," directing Plaintiff to provide his new mailing address within thirty days, and warning that his failure to provide a

current address would result in dismissal without prejudice. (Doc. 18). Receiving no response, the Court issued an Order to Show Cause on October 14, 2020 and warned that the action would be dismissed for want of prosecution unless, on or before November 13, 2020, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 19). Almost a month later, the copy of the Order to Show Cause that the Court mailed to Plaintiff was returned and the corresponding docket entry states, "returned for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward." (Nov. 10, 2020 Dkt. Entry). Now, more than a month after the final deadline, no response has been filed. Indeed, Plaintiff has not filed anything with the Court since March 3, 2020. (Doc. 14). This failure to comply with two orders over six months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-9730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018).

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. The April 17, 2020 Order cautioned that failure to provide a current address would result in dismissal, and the October 14, 2020 Order to Show Cause warned that the case would be dismissed unless Plaintiff responded. (Docs. 18, 19). Such warnings support dismissal. *See Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not

4

complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in over eight months despite Orders directing him to do so.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-6717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since April 2020 the Court has issued two Orders pressing Plaintiff to participate in this action and update his address. He has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: New York, New York
December 18, 2020

_____
PHILIP M. HALPERN
United States District Judge

5